MCNUTT LAW FIRM, P.C.
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
Mark D. Hesiak, Esq. Bar No. 12397
11441 Allerton Park Drive, Suite # 100
Las Vegas, Nevada 89135
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com
mdh@mcnuttlawfirm.com
*Counsel for Defendant Officer Alexander Bookman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RACHEL GORE, individually as heir of BRANDON DURHAM, deceased, and in her capacity as the Administrator of The Estate of BRANDON DURHAM, and ISABELLA DURHAM, a minor and heir to BRANDON DURHAM,<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; ALEXANDER BOOKMAN, individually and in his official capacity as a Police Officer, employed by Las Vegas Metropolitan Police Department; DOES I–X, inclusive, and ROE ENTITIES I–X, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00619-GMN-DJA<br><br>**Stipulation and [~~Proposed~~] Order to Limit Discovery as to Defendant Officer Alexander Bookman**<br><br>As amended on page 4 |

Plaintiffs Isabella Durham, Rachel Gore, and the Estate of Brandon Durham, through their counsel, Lee Merritt & Associates, Karchmar & Lambert, P.C., and F. Travis Buchanan, Esq., and Associates, PLLC, Defendant Las Vegas Metropolitan Police Department (LVMPD), through its counsel, Marquis Aurbach, and Defendant Officer Alexander Bookman (Ofc. Bookman), through his counsel, the McNutt Law Firm, hereby stipulate and agree as follows:

A. ***Whereas*** the Plaintiffs filed their Complaint against LVMPD and Ofc. Bookman on April 7, 2025, and asserted claims against Ofc. Bookman for (i) excessive force under the Fourth Amendment (Dkt. 1, ¶¶ 46–56); (ii) loss of familial association under the Fourteenth Amendment (*Id*. ¶¶ 72–83); (iii) violations of the Nevada Constitution (*Id*. ¶¶ 84–100); (iv) assault and battery, wrongful death, and survivorship (*Id*. ¶¶ 101–110); (v) intentional or negligent infliction of emotional distress, wrongful death, and survivorship (*Id*. ¶¶ 111–121); and (vi) negligence, wrongful death, and survivorship (*Id*. ¶¶ 122–132).

B. ***Whereas*** Ofc. Bookman answered the Complaint on June 23, 2025. (Dkt. 22.)

C. ***Whereas*** each of the Plaintiffs' claims for relief against Ofc. Bookman arises from the death of decedent Brandon Durham.

D. ***Whereas*** the Clark County District Attorney is conducting grand jury proceedings regarding a possible indictment of Ofc. Bookman concerning Brandon Durham's death (hereinafter, the Parallel Criminal Proceedings). The Parallel Criminal Proceedings involve substantially similar facts and circumstances that are at issue here. Should Ofc. Bookman be indicted, his Fifth Amendment privilege against self-incrimination would be directly implicated.

E. ***Whereas*** this Court has the authority to limit discovery directed to Ofc. Bookman to protect his Fifth Amendment privilege while allowing the case to proceed. *See, e.g., Farmer v. Las Vegas Metro. Police Dep't*, No. 2:18-CV-00860-GMN-VCF, 2018 WL 5726187, at *5 (D. Nev. Oct. 31, 2018); *see also Moreno v. Cnty. of Los Angeles*, 2023 WL 8165517, at *6 (C.D. Cal. Apr. 20, 2023); *Petrov v. Alameda Cnty.*, 2016 WL 6563355, at *7 (N.D. Cal. Nov. 4, 2016); *Est. of Lopez v. Suhr*, 2016 WL 1639547, at *4 (N.D. Cal. Apr. 26, 2016); *Stoddard-Nunez v. City of Hayward*, 2013 WL 6776189, at *6 (N.D. Cal. Dec. 23, 2013).

***Wherefore***, the Parties stipulate and agree as follows:

1. Ofc. Bookman shall not have to respond to written discovery until the resolution of the Parallel Criminal Proceedings. The Parallel Criminal Proceedings will be deemed "resolved" if the grand jury returns a No Bill or alternatively when either charges brought are dismissed with prejudice or judgment and sentencing have concluded after a trial or plea

agreement.

2. Ofc. Bookman shall not be deposed or interviewed until the resolution of the Parallel Criminal Proceedings.

3. Ofc. Bookman shall not have to disclose witnesses, including expert witnesses, until the resolution of the Parallel Criminal Proceedings. Should Ofc. Bookman ultimately make such disclosures, Plaintiffs will be provided a reasonable opportunity (as defined by this Court) to conduct discovery and/or retain rebuttal witnesses, including rebuttal expert witnesses, thereafter.

4. Counsel for Ofc. Bookman agrees to participate in all other discovery and pretrial motion practice and proceedings.

5. The Parties also agree that this matter cannot proceed to trial against Ofc. Bookman until the resolution of the Parallel Criminal Proceedings.

6. The public's interest is best served by ensuring that both the civil and criminal proceedings are accomplished fully, completely, and with justice done to all the parties.

7. The Parties' stipulation to limit discovery as to Ofc. Bookman is brought in good faith, is not interposed for delay, and is not filed for an improper purpose.

(*continued on the next page*)

8. Nothing in this stipulation prohibits Bookman from petitioning the court for extended or additional protection should the need arise. The Parties reserve all rights.

IT IS SO STIPULATED.

MCNUTT LAW FIRM, P.C.

/s/ *Dan McNutt*
Dan McNutt, Esq. (Bar No. 7815)
Matt Wolf, Esq. (Bar No. 10801)
11441 Allerton Park Drive, Suite 100
Las Vegas, Nevada 89135
*Attorneys for Defendant Alexander Bookman*

MARQUIS AURBACH

/s/ *Craig Anderson*
Craig Anderson, Esq. (Bar No. 6882)
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendants LVMPD*

KARCHMAR & LAMBERT, P.C.

/s/ *Cannon Lambert*
Cannon Lambert, Esq.
Illinois Bar No. 6237503 (*Pro Hac*)
211 W. Wacker Drive, Ste 1400
Chicago, Illinois 60606

F. TRAVIS BUCHANAN, ESQ., & ASSOC., PLLC
F. Travis Buchanan, Esq. (Bar No. 9371)
701 East Bridger Ave., Suite 540
Las Vegas, Nevada 89101

LEE MERRITT & ASSOCIATES
Lee Merritt, Esq.
Pennsylvania Bar. No. 314891 (*Pro Hac*)
425 Pinson Rd., Ste. M
Forney, Texas 75126
*Attorneys for Plaintiffs*

IT IS THEREFORE ORDERED that the parties' stipulation (ECF No. 30) is GRANTED.

It IS FURTHER ORDERED that, within thirty days after the Parallel Criminal Proceeding is resolved, the parties must file a stipulation informing the Court of the proceeding's resolution and adjusting any necessary discovery deadlines.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: July 18, 2025