**F. TRAVIS BUCHANAN, ESQ., & ASSOC., PLLC**
F. TRAVIS BUCHANAN, ESQ.
Nevada Bar No. 9371
701 East Bridger Ave., Suite 540
Las Vegas, Nevada 89101
Tel: (702) 331-5478 / Fax: (702) 629-6919
Email: Travis@ftblawlv.com
*Attorneys for Plaintiffs*

**LEE MERRITT & ASSOCIATES**
LEE MERRITT, ESQ.
Pennsylvania Bar. No. 314891 *(Admitted Pro Hac)*
425 Pinson Rd., Ste. M
Forney, TX 75126
Tel: (888) 647-3041 / (888) 339-2050
Email: Lee@LeeMerrittesq.com
*Attorneys for Plaintiffs*

**KARCHMAR & LAMBERT, P.C.**
CANNON LAMBERT, ESQ.
Illinois Bar No. 6237503 *(Admitted Pro Hac)*
211 W. Wacker Dr.. Ste 1400
Chicago, IL 60606
Tel: (312) 977-1300 / (312) 977-1999
Email: Cannon@KarchmarLambert.com
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RACHEL GORE, individually as heir of BRANDON DURHAM, *Deceased,* and in her capacity as the Administrator of The Estate of BRANDON DURHAM, and Isabella Durham, a minor and heir of BRANDON DURHAM.<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision of the State of Nevada; ALEXANDER BOOKMAN, individually and in his official capacity as a Police Officer employed by Las Vegas Metropolitan Police Dept.; DOES I-X, inclusive, and ROE ENTITIES I-X, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00619-GMN-DJA<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

1

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a meeting was held telephonically on July 15, 2025, and was attended by F. Travis Buchanan, Esq., of F. Travis Buchanan, Esq. & Associates, PLLC; Lee Merritt, Esq., of Lee Merritt & Associates, and Cannon Lambert, Esq., of Karchmar & Lambert P.C., counsel for Plaintiffs Rachel Gore and I.D., a minor, and Craig R. Anderson, Esq., of Marquis Aurbach Chtd., and Daniel McNutt, Esq., and Matthew Wolf, Esq., of the McNutt Law Firm, P.C., attorneys for LV Metro PD., and Alexander Bookman, Defendants herein (respectively). The subject of discovery was discussed within the scope of Fed. R. Civ. P. 26. The parties, at this time do not request special scheduling review of the discovery cut-off date as the stipulated discovery period does not exceed 180 days from the date Defendants first appeared in this action, which was June 23, 2025 (the date Defendants answered the Complaint in this matter).

## Stipulated Discovery Plan

1.  **Initial Disclosures:** The parties participated in the scheduling conference pursuant to Fed. R. Civ. P. 26(f) on July 15, 2025. The initial disclosures, for counsel that have not already remitted them will be made on or within ten-days after the instant proposed Stipulated Discovery Plan and Scheduling Order is filed, by July 31, 2025.[1] Aside from timing, the parties do not believe that any changes are necessary as to the form or requirement of disclosures under Rule 26(a).

2.  **Discovery Cut-Off Date(s):** The last day of discovery shall be December 22, 2025, which is 182 days (as the 180th day falls on Saturday, December 20, 2025, a non-judicial day) from the date Defendants' Answers to Plaintiffs' Complaint was filed and served on June 23, 2025.

3.  **Amending the Pleadings and Adding Parties:** The parties shall have until September 23, 2025 which is ninety (90) days before the discovery cut-off date.

4.  **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of any expert witnesses shall be made sixty-one (60) days before the discovery deadline, by October 23, 2025. The disclosures of any rebuttal experts shall be due thirty-two (32) days

---

[1] Plaintiffs' Initial Disclosures were served on counsel for Defendants' herein on 6/26/2025.

2

(as the 30th day falls on Saturday, November 22, 2025) before the discovery deadline, by November 24, 2025.

5. <u>Dispositive Motions:</u> Dispositive motions may be filed no later than January 21, 2026, thirty (30) days after the discovery deadline. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the subsequent discovery cut-off date.

6. <u>Pretrial Order:</u> If no dispositive motions are filed, the Joint Pretrial order shall be filed by February 20, 2026, which is not later than thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

7. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

8. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule ~~26-4~~ 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

9. **Scope of Discovery:** The parties are in agreement that discovery will be needed on the Plaintiffs' claims raised in the Complaint, and Defendants' denials and the affirmative defenses raised in the Answer. No changes should be made on the limitations of discovery imposed under Federal Rules of Civil Procedure or Local Rules, subject to the proposed stipulation submitted by the parties on July 17, 2025, regarding discovery directed toward Officer Bookman (Dkt. 30).

10. **Electronic Filing and Service:** The Parties attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to

3

electronic service, to the extent the size of the submission permits it, of all court filings, not served through ECF (e.g., filings under seal), and such service shall constitute proper service under Fed. R. Civ. P. 5(b)(2)(E). The parties further consent to electronic service of correspondence and discovery, in lieu of other service methods, under Fed. R. Civ. P. 5(b)(2)(E) on all counsel who have entered an appearance on behalf of the party to be served. For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the same as follows: for Plaintiffs Rachel Gore and I.D., a minor, service shall be made by email to: Travis@ftblawlv.com     Lee@leemerrittesq.com;     Susan@leemerrittesq.com; Cannon@Karchmarlambert.com, and Mmartinez@Karchmarlambert.com. For Defendant LV Metro., Police Dept., service shall be made by email to canderson@maclaw.com, and Smong@maclaw.com. For Defendant Alexander Bookman, service shall be made by email to drm@mcnuttlawfirm.com; lah@mcnuttlawfirm.com, and rlt@mcnuttlawfirm.com.

11. **Electronically Stored Information:** The parties do not at this time anticipate any issues regarding disclosures, discovery or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties agree that ESI can be produced in paper form or as a readable image (e.g., .pdf or .tiff) file, while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production of ESI, and meet and confer should any dispute arise.

12. **Electronic Evidence at Trial:** In compliance with Local Rule 26-1(b)(9), the parties certify they have discussed presenting evidence in an electronic format to jurors for the purposes of jury deliberations.

13. **Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further,

the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

14. **Alternative Dispute Resolution:** In compliance with Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, but no agreement has been reached. The parties will continue to evaluate opportunities for alternative dispute resolution.

15. **Alternative Forms of Case Disposition:** In compliance with 28 U.S.C. § 636(c) and Local Rule 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program, but do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

Dated this **21st** day of July, 2025.

| | |
|---|---|
| F. TRAVIS BUCHANAN, ESQ., & ASSOCIATES, PLLC | MARQUIS AURBACH Chtd. |
| /s/ F. Travis Buchanan | /s/ Craig R. Anderson |
| F. TRAVIS BUCHANAN, ESQ. | CRAIG R. ANDERSON, ESQ. |
| Nevada Bar No. 9371 | Nevada Bar No. 6882 |
| 701 E. Bridger Ave., Ste. 540 | 10001 Park Run Drive |
| Las Vegas, NV 89101 | Las Vegas, NV 89145 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant LV Metro., PD* |

| | |
|---|---|
| LEE MERRITT & ASSOCIATES | MCNUTT LAW FIRM P.C. |
| /s/ *Lee Merritt* | /s/ *Daniel McNutt* |
| LEE MERRITT, ESQ.<br>Pennsylvania Bar. No. 314891<br>*(Admitted Pro Hac)*<br>425 Pinson Rd., Ste. M<br>Forney, TX 75126<br>Attorneys for Plaintiff | DANIEL MCNUTT, ESQ.<br>Nevada Bar No. 7815<br>MATTHEW C. WOLF<br>Nevada Bar No. 10801<br>MARK D. HESIAK<br>Nevada Bar No. 12397<br>11441 Allerton Park Drive #100<br>Las Vegas, NV 89135<br>*Attorneys for Defendant Alexander Bookman* |
| KARCHAR & LAMBERT | |
| /s/ *Cannon Lambert*<br>CANNON LAMBERT, ESQ.<br>Illinois Bar No. 6237503 *(Admitted Pro Hac)*<br>211 W. Wacker Dr.. Ste 1400<br>Chicago, IL 60606<br>Attorneys for Plaintiff | |

**ORDER**

IT IS SO ORDERED:

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: 7/22/2025