MCNUTT LAW FIRM, P.C.
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
Mark D. Hesiak, Esq. Bar No. 12397
11441 Allerton Park Drive, Suite # 100
Las Vegas, Nevada 89135
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com
mdh@mcnuttlawfirm.com
*Counsel for Alexander Bookman*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RACHEL GORE, individually as heir of BRANDON DURHAM, deceased, and in her capacity as the Administrator of The Estate of BRANDON DURHAM, and ISABELLA DURHAM, a minor and heir to BRANDON DURHAM,<br><br>    Plaintiffs,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; ALEXANDER BOOKMAN, individually and in his official capacity as a Police Officer, employed by Las Vegas Metropolitan Police Department; DOES I–X, inclusive, and ROE ENTITIES I–X, inclusive,<br><br>    Defendants. | Case No.: 2:25-cv-00619-GMN-DJA<br><br>**Stipulated Protective Order** |

The undersigned Parties anticipate that discovery will involve confidential, proprietary, or private information requiring protection from public disclosure and from being used for purposes other than prosecuting or defending a claim or a defense in this lawsuit. Accordingly, they stipulate and agree to the following terms of protection.

## I. DEFINITIONS FOR PROTECTED INFORMATION.

1. "Confidential Information" refers to information protected from public disclosure under this Order.

2. In addition to designating appropriate information or materials as "Confidential," a party may designate the same as "*Highly Confidential - Attorney's and Expert's Eyes Only.*"

3. "Protected Information" refers to all information, materials, or other discovery designated "Confidential" or "*Highly Confidential - Attorney's and Expert's Eyes Only.*"

## II. SAFEGUARDING PROTECTED DISCOVERY.

1. A party may designate discovery as Protected Information as follows: (i) if producing the discovery, mark it "Confidential" or "*Highly Confidential - Attorney's and Expert's Eyes Only*" on each page, or use another reasonable method if necessary; or (ii) if not producing the discovery, serve a letter to all counsel identifying the Protected Information, or designate deposition testimony as protected on the record.

2. Parties and Permissible Recipients (i) will not disclose Protected Information to unauthorized persons or entities; (iii) may use Protected Information only for adjudicating, defending, or prosecuting this lawsuit, not for any other purposes, including, without limitation, publication online or dissemination to the press; and (iii) must store Protected Information securely and prevent unauthorized access.

## III. PROTECTION OF CONFIDENTIAL INFORMATION.

1. The Parties and their representatives may obtain, possess, receive, and review Confidential Information. The following Permissible Recipients may also obtain, possess, receive, and review Confidential Information:

   a. Individuals or entities permitted to obtain, possess, review, and be informed of Confidential Information either through (i) the written consent of all Parties; or (ii) a Court order (including this Order). Each person receiving or learning about Confidential Information under this paragraph must sign Exhibit A before accessing the Protected Information.

   b. Individuals who authored, received, reviewed, or otherwise knew the Confidential Information before the litigation.

  c. Legal counsel for the Parties and their administrative staff, associates, clerical staff, paralegals, partners, and secretaries.

  d. Experts and consultants (and their staff) retained by a party to assist in the lawsuit's prosecution, defense, or settlement. Each person receiving or learning about Confidential Information under this paragraph must sign Exhibit A before accessing the Protected Information.

  e. The Court or judicial body overseeing the lawsuit.

  f. Court reporters and videographers assisting with the lawsuit, including those operating video equipment at depositions or hearings or preparing transcripts of testimony.

  g. Vendors who assist one or more Parties with administrative, clerical tasks, or data processing, such as cataloging, coding, converting, filing, organizing, photocopying, retrieving, or storing discovery. Each person receiving or learning about Confidential Information under this paragraph must sign Exhibit A before accessing the Protected Information.

 2. For each Permissible Recipient who signs Exhibit A, the party providing the Confidential Information will retain a copy of the signed Exhibit A. Upon written request, each party will promptly provide all signed copies of Exhibit A to the other Parties. The Parties need not provide copies signed by experts until after the expert's disclosure under Rule 26.

### IV. PROTECTION OF "*HIGHLY CONFIDENTIAL INFORMATION – ATTORNEY'S AND EXPERT'S EYES ONLY*" DISCOVERY.

 1. Unless permitted in writing by the designator, a receiving party may disclose Protected Information designated *Highly Confidential - Attorney's and Expert's Eyes Only* to the following Attorney/Expert Permissible Recipients without prior receipt of written permission from the designator:

  a. The receiving party's counsel of record in this lawsuit.

  b. Experts and consultants (and their staff) retained by a party to assist in the lawsuit's prosecution, defense, or settlement. Each person receiving or learning about Confidential Information under this paragraph must sign Exhibit A before accessing the Protected

Information.

    c.    The Court and its personnel.

    d.    Court reporters, videographers, and their staff.

    e.    Anyone who knew about, authored, received, or had access to the Protected Information before this lawsuit commenced.

2. Neither the parties nor their representatives (except for their legal counsel) can receive, review, or be informed of Protected Information designated *Highly Confidential – Attorney's and Expert's Eyes Only* unless the recipient satisfies Section IV(1)(e) above.

### V. THE CIRT INTERVIEW TRANSCRIPT.

1. All transcripts and recordings of Defendant Officer Alexander Bookman's (Ofc. Bookman) interview by the Las Vegas Metropolitan Police Department (LVMPD)'s Critical Incident Review Team (CIRT) (the CIRT Interview Transcript) will be protected as *Highly Confidential – Attorney's and Expert's Eyes Only*. The only individuals who may receive, review, or be informed of the contents or substance of CIRT Interview Transcript will be the following individuals:

    a.    Ofc. Bookman.

    b.    Counsel of record in this lawsuit.

    c.    Experts and consultants (and their staff) retained by a party to assist in the lawsuit's prosecution, defense, or settlement. Each person receiving or learning about CIRT Interview Transcript under this paragraph must sign Exhibit A before receiving or learning about CIRT Interview Transcript.

    d.    The Court and its personnel.

    e.    Court reporters, videographers, and their staff.

2. All portions of all expert reports and notes referencing or discussing the contents or substance of the CIRT Interview Transcript will be protected as *Highly Confidential – Attorney's and Expert's Eyes Only*. Only the individuals who may receive, review, or know about the contents or substance of CIRT Interview Transcript may receive, review, or know about the contents or substance of those portions of the expert reports and notes.

3. All portions of all depositions referencing or discussing the contents or substance of the CIRT Interview Transcript will be protected as *Highly Confidential – Attorney's and Expert's Eyes Only*. Only the individuals who may receive, review, or know about the contents or substance of CIRT Interview Transcript may receive, review, or know about the contents or substance of those portions of the depositions.

4. To the extent that a conflict exists between Section V of this Order and another section in the Order, Section V will govern and control the dispute, issue, or question.

## VI. DEPOSITIONS.

1. If a deposition witness is not a Permissible Recipient, Confidential Information may be discussed with or disclosed to the witness only upon the satisfaction of each of the following three conditions: (i) the disclosure is necessary to obtain relevant testimony that cannot be obtained otherwise; (ii) the designating party has given written consent or consent on the record; and (iii) the witness has signed Exhibit A.

2. If a party discusses, discloses, reveals, or uses Confidential Information at a deposition, only counsel for the Parties, the court reporters, the Parties and their representatives, translators, videographers, the witness, and other Permissible Recipients will be present for that portion of the deposition. Parties will give reasonable advance notice if they expect a deposition to cover Confidential Information so the other Parties can ensure only authorized individuals are present for that portion of the testimony.

3. Protected Information designated *Highly Confidential – Attorney's and Expert's Eyes Only* may only be discussed with or disclosed or revealed to deponents who qualify as Attorney/Expert Permissible Recipients under Section IV(1).

4. If a party believes in good faith that another party or nonparty has violated or intends to violate this Order during a deposition, the party may elect to terminate the deposition and (i) speak telephonically with the magistrate judge, if all Parties consent to resolve the dispute in that manner; or (ii) file a motion on an emergency basis seeking an order resolving the dispute. All Parties will bear their own attorney's fees and costs associated with a motion filed under this paragraph of the Order.

## VII. DISPUTES AND CHALLENGES TO DESIGNATIONS.

1. The parties must meet and confer before filing any discovery motions arising from or related to this Order.

2. If a party believes a designation under this Order is improper, it must notify the designator in writing. The Parties will then meet and confer about the designation. If the Parties cannot resolve their disagreement, the party disputing the designation must file a motion to have the material de-designated within fourteen calendar days after the conference. The designator will bear the burden of proof to establish that the material warrants protection under this Order. The material will remain protected until the Court decides the motion.

3. For disclosures requiring written permission from the designator, the designator has five calendar days to respond to a request for disclosure. The designator's failure to respond by the deadline will not waive the Protected Information's protection or constitute consent to the disclosure. If the designator denies or fails to respond to the request, the requesting party must move for an order authorizing the disclosure within fourteen calendar days after the deadline for the designator to respond to the request for disclosure.

4. For all other disputes related to Protected Information, the Parties must meet and confer about the dispute. If the meet-and-confer does not resolve the conflict, the party seeking to de-designate, disclose, reveal, or otherwise use the Protected Information must file a motion seeking appropriate relief within fourteen calendar days after the meet-and-confer. The designator will bear the burden of proof to establish that the movant should not be allowed to disclose or use the Protected Information as requested in the motion.

5. The Parties will bear their own attorney's fees and costs for all motions governed by Sections V and VI of this Order.

## VIII. LIMITATIONS ON DESIGNATIONS.

1. The Parties will designate as Protected Information only the portions of documents or information requiring protection. They will avoid mass, indiscriminate, or blanket designations. Unjustified designations may result in sanctions.

2. If a designator learns that documents or information it designated as Protected

Information does not qualify for protection, it will promptly withdraw the designation.

3. An inadvertent failure to designate discovery as Protected Information will not, on its own, waive the right to designate the discovery as Protected Information.

### IX. REQUESTS FOR PROTECTED DISCOVERY.

1. If a party receives a subpoena or request from a nonparty for Protected Information, they must:

    a. Notify the designator promptly in writing with a copy of the subpoena or request.

    b. Inform the entity or person who served the subpoena that this Order protects the material.

    c. Object to the subpoena/request and include a copy of this Order with the objection.

    d. Cooperate with reasonable procedures requested by the designator.

    e. Refrain from disclosing the Protected Information until the designator has filed a motion and the Court has ruled.

### X. INADVERTENT DISCLOSURE.

1. If a party accidentally discloses Protected Information in violation of this Order, it must immediately:

    a. Notify the designator in writing;

    b. Retrieve all the Protected Information;

    c. Inform the recipients of this Order and provide them with a copy; and

    d. Use reasonable efforts to have the recipients sign Exhibit A.

### XI. FINAL DISPOSITION OF THE LAWSUIT.

1. Within sixty days after the lawsuit's conclusion, each party must return or destroy all Protected Information.

2. Counsel may keep an archival copy of all pleadings, briefs, motion papers, transcripts (including, without limitation, trial, deposition, and hearing transcripts), legal memoranda, written discovery responses, and deposition and trial exhibits discussing, quoting, or

relying on Protected Information.

3. This Order will remain effective after the lawsuit is resolved, and the Court will retain jurisdiction to enforce, interpret, or modify it.

### XII. APPLICATIONS FOR ADDITIONAL PROTECTION.

1. Nothing bars a party from asking the Court for additional or different protection.

### XIII. AMENDMENTS AND MODIFICATIONS.

1. All amendments or modifications to this Order must be in writing, signed by all Parties, and approved by the Court.

### XIV. THE COURT HAS JURISDICTION TO ENFORCE THIS ORDER.

1. Parties and Permissible Recipients consent to the Court's authority and jurisdiction to enforce this Order and adjudicate violations.

2. This Order is a contract between the Parties and the Permissible Recipients. If there is a dispute about the Order, the Court will treat it as jointly drafted by the Parties.

*(continued on next page)*

## XV. FILING PROTECTED INFORMATION WITH THE COURT.

1. A motion to seal or redact Protected Information must accompany any court filing sealing or redacting Protected Information, and the motion to seal or redact must satisfy all standards governing the particular motion. This Order does not allow a party to seal or redact Protected Information without filing a motion to seal or redact the Protected Information.

IT IS SO STIPULATED.

| MCNUTT LAW FIRM, P.C. | KARCHMAR & LAMBERT, P.C. |
|---|---|
| */s/ Dan McNutt*<br>Dan McNutt, Esq. (Bar No. 7815)<br>Matt Wolf, Esq. (Bar No. 10801)<br>11441 Allerton Park Drive, Suite 100<br>Las Vegas, Nevada 89135<br>*Attorneys for Defendant Alexander Bookman* | */s/ Cannon Lambert*<br>Cannon Lambert, Esq.<br>Illinois Bar No. 6237503 (*Pro Hac*)<br>211 W. Wacker Drive, Ste 1400<br>Chicago, Illinois 60606 |
| MARQUIS AURBACH<br><br>*/s/ Craig Anderson*<br>Craig Anderson, Esq. (Bar No. 6882)<br>10001 Park Run Drive<br>Las Vegas, Nevada 89145<br>*Attorneys for Defendants LVMPD* | F. TRAVIS BUCHANAN, ESQ., & ASSOC., PLLC<br>F. Travis Buchanan, Esq. (Bar No. 9371)<br>701 East Bridger Ave., Suite 540<br>Las Vegas, Nevada 89101<br><br>LEE MERRITT & ASSOCIATES<br>Lee Merritt, Esq.<br>Pennsylvania Bar. No. 314891 (*Pro Hac*)<br>425 Pinson Rd., Ste. M<br>Forney, Texas 75126<br>*Attorneys for Plaintiffs* |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 9/23/2025

**EXHIBIT A – AGREEMENT TO BE BOUND TO THE STIPULATED PROTECTIVE ORDER**

I acknowledge receipt of the Stipulated Protective Order and agree under penalty of perjury of the laws of the United States of America and the State of Nevada that I will comply with all terms and conditions in the Order. I understand that noncompliance may harm the Parties and subject me to sanctions, contempt, legal action, or discipline. I will not disclose Protected Information except as allowed by the Order. I consent to the jurisdiction of the Court presiding over the lawsuit for all actions, filings, hearings, matters, motions, and proceedings related to the Order's enforcement, interpretation, or alleged breach or violation.

| | |
|---|---|
| **CASE:** | *Rachel Gore et al. v. Las Vegas Metro. Police Department et al.*, case no.: 2:25-cv-00619-GMN-DJA in the United States District Court for the District of Nevada |
| **DATE:** | |
| **PRINT NAME:** | |
| **COMPANY:** | |
| **TITLE:** | |
| **PHONE NUMBER:** | |
| **EMAIL:** | |
| **MAILING ADDRESS:** | |
| **SIGNATURE:** | |